UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 10-CV-4483 (JFB)
_____

CHARLES A. GUERRIERO

Appellant,

VERSUS

RAMIN RAYHAN, ESTHETIC PROCEDURES OF LONG ISLAND, LLC, RICHARD JARETT,
& MICHAEL KELLY,

Appellees.

_____

**MEMORANDUM AND ORDER**
September 19, 2011
_____

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal by Charles Guerriero (hereinafter "Guerriero" or "appellant"), a debtor, from the July 23, 2010 Order ("July Order") of the Honorable Alan S. Trust, United States Bankruptcy Judge, denying appellant's motion to dismiss the adversary complaint as untimely. Appellant, who voluntarily filed for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court"), appeals from the judgment of the Bankruptcy Court, arguing that: (1) the Bankruptcy Court's interpretation in its July Order of its June 2, 2010 Order ("June Order") was unreasonable and in contravention of the clear and unambiguous language of that Order; and (2) appellant's due process rights were violated where appellees Ramin Rayhan, Esthetic Procedures of Long Island, LLC, Richard Jarett and Michael Kelly (hereinafter "appellees") failed to serve appellant with the June Order as it required.

As set forth below, the Court affirms the Bankruptcy Court's determination denying appellant's motion to dismiss the adversary complaint. Specifically, the Bankruptcy Court's interpretation of its own order— namely, that the grant of the extension of time for appellees to file their adversary proceeding was not contingent upon compliance with the separate "personal service" provision in the same order—is reasonable, and certainly not an abuse of

discretion.[1]  Similarly, appellant's related due process argument has no merit. Accordingly, the Bankruptcy Court's Order is affirmed.

## I. BACKGROUND

### A. Bankruptcy Proceeding

On July 8, 2009 appellant filed a voluntary petitioner for bankruptcy under Chapter 7 of the Bankruptcy Code. (Docket 1-30 at 1; Docket 1-10 ¶ 1.) Appellees requested a number of extensions by which to object to the dischargeability of appellant's debt. Central to the dispute at hand is appellee's motion dated April 21, 2010, requesting an extension of time for the creditors to file objections to the discharge of appellant's debt. (Docket 1-21.) In that motion, appellees also sought an order compelling appellant to comply with the Bankruptcy Court's March 9, 2010 Order regarding the production of documents and the examination of appellant under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("2004 Order"). (*Id.*; *see also* Docket 1-23.)

The Bankruptcy Court held a hearing on appellees' motion on May 25, 2010. (Docket 1-21 (June Order), 1-28 (Hearing Transcript).) Appellant did not appear for the hearing and did not file opposition papers to appellees' motion. (Docket 1-28 at 2:9, 4:20-21.) At the hearing, appellees stated they sought "to compel compliance with the 2004 order that was served upon the debtor and to extend the creditor's time to object to discharge and dischargeability." (*Id.* at 2:6-9.) The Bankruptcy Court first addressed the 2004 Order, stating that

> the Court will enter an order directing the debtor to comply with the 2004 order . . . That order is going to need to be personally served on the debtor because if for any reason he doesn't comply with this order I'm assuming I will see you all back on a contempt motion. So I want to be certain of personal service. . . . you may now unilaterally pick the date, time and place for both production and examination [of the debtor] . . . .

(*Id.* at 2:19-25, 3:1-8.)  With respect to the extension request, the Bankruptcy Court found that "cause exists to extend . . . [the] request [] through June 21, 2010. . . . Presumably you all will schedule the 2004 [production and examination] prior to that time if possible." (*Id.* at 3:9-13.)

---

[1] This Court notes that it would reach the same conclusion even under a *de novo* standard of review, rather than an abuse of discretion standard.

2

The Bankruptcy Court memorialized its decision in the June Order, which, as noted above, was issued on June 2, 2010. The Bankruptcy Court "extended through and including June 21, 2010" the creditors' time to object to the discharge of appellant's debt. (Docket 1-21 ¶ a.) In addition, the June Order stated that:

> (b) the Debtor is hereby compelled to comply with the 2004 Order . . . thereby requiring a turnover of documents as set forth in the 2004 Order . . . .;
>
> (c) the Debtor is hereby required to appear at the offices of [appellees' law firm] on June 16, 2010 at 12:00 a.m. for an examination pursuant to the 2004 Order dated March 9, 2010, and
>
> (d) personal service of this Order on the Debtor is to be effectuated on or before June 10, 2010.

(Docket 1-21 ¶¶ b-d.) An affidavit of service filed with the Bankruptcy Court indicated that the June Order was served in person on June 9, 2010 on Frances Guerriero, appellant's wife, at her home address. (Docket 1-12.) The Order was also served by mail to appellant's home address on June 11, 2010. (*Id.*)

On June 21, 2010 appellees filed an adversary complaint against the debtor challenging the dischargeability of his debt. (Docket 1-30 at 2 (docket sheet); *id*. 1-4 (adversary complaint).) On July 6, 2010 appellant filed a motion to dismiss the adversary proceeding (Docket 1-30 at 3), claiming that the action was time-barred because: (1) service was inappropriately made on appellant's wife where the June Order never made provisions for "substitute service"; and (2) even if serving appellant's wife was appropriate, she was never served with the June Order. (Docket 1-10 ¶¶ 8-9, 15.) Appellees opposed appellant's motion, arguing that: (1) the Bankruptcy Court granted appellees an extension of time to file their adversary proceeding until June 21, 2010 and that the mandate to serve appellant was referring to the 2004 Order; and (2) even if appellees were required to serve appellant, appellant waived or should be equitably estopped from raising the timeliness of the adversary complaint because he appeared for his 2004 examination as required by the June Order and did not raise any objections regarding service at that time. (Docket 1-14 ¶¶ 5-7, 9-11.)

On July 23, 2010, the Bankruptcy Court denied appellant's motion to dismiss the adversary proceeding as timely. (Docket 1-3.) The Bankruptcy Court stated that the June Order "contained several non-interdependent decretal paragraphs to address the various forms of relief sought in the Motion . . . . " and indicated that, "as correctly stated by [appellees], the provision regarding service of the Order related to the mode of service for the 2004 Order, and not related to the relief extending time; therefore, the adversary [complaint] was timely filed on June 21, 2010." (*Id*. at 2.) In addition, the Bankruptcy Court concluded that it "makes no determination as to the efficacy of service of the Order as the issue of the Debtor's

3

compliance with the 2004 Order is not presently before the Court." (*Id*. at 3.) Appellant now appeals from this July Order.

### B. Procedural History

Appellant filed a notice of appeal on October 1, 2010, and filed his brief on April 22, 2011. Appellees filed their opposition brief on June 10, 2011. Appellant did not file a reply, which was due by June 27, 2011. The Court has fully considered the submissions and arguments of the parties.

### II. STANDARD OF REVIEW

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree," or it may remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65 (2d Cir. 2007); *see also Lubow Mach. Co. v. Bayshore Wire Prods. (In re Bayshore Wire Prods.)*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, . . . its conclusions of law *de novo*, . . . its decision to award costs, attorney's fees, and damages for abuse of discretion." (internal citations omitted)); *accord Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs)*, 922 F.2d 984, 988-89 (2d Cir. 1990) (citations omitted).

Moreover, as discussed *infra*, a bankruptcy court's interpretation of its own order is given deference on appeal and is reviewed for abuse of discretion. *See, e.g., In re The 1031 Tax Grp., LLC*, No. 10 Civ. 2799 (RJH), 2011 WL 1158445, at *1 (S.D.N.Y. Mar. 29, 2011) (citing *Deep v. Copyright Creditors*, 122 F. App'x 530, 531 (2d Cir. 2004) and *Casse v. Key Bank Nat'l Ass'n*, 198 F.3d 327, 333 (2d Cir. 1999)); *see also In re Resource Tech. Corp.*, 624 F.3d 376, 386 (7th Cir. 2010) ("We owe substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced that it amounts to an abuse of discretion."); *JCB, Inc. v. Union Planters Bank, N.A.*, 539 F.3d 862, 869 (8th Cir. 2008) ("While we normally review a bankruptcy court's legal conclusions de novo, its interpretation of the confirmed plan is entitled to deference as an interpretation of its own order and should be reviewed under the abuse of discretion standard." (quotation marks and citations omitted)).

### III. DISCUSSION

Appellant appeals the Bankruptcy Court's July Order denying his motion to dismiss the adversary complaint. Appellant argues that the adversary complaint was not timely filed because the extension of time on which appellees rely—granted in the June Order—was predicated on personal service of the June Order on appellant by a specific date, as that Order allegedly required. Appellant contends that the Bankruptcy Court's interpretation of the June Order as not requiring such service was inconsistent with its plain language. (Appellant's Br. at 8-10.) Appellant further argues that he "was deprived of his procedural due process of law

4

as guaranteed to him by the Fourteenth Amendment" because he was "not provided with notice that the Appellees' time to commence" the adversary proceeding was extended despite the "express and unambiguous terms" of the June Order. (*Id.* at 12.)

Appellees counter that no such service was required and that the June Order mandated service of the 2004 Order, not the June Order itself. (Appellees' Br. at 5-8.) Appellees assert, in the alternative, that appellant waived, or should be equitably estopped from making, the argument that he was not properly served where appellant appeared for his 2004 examination on the date and time designated by the June Order without at that time raising any issues regarding service or timeliness of the adversary complaint. (*Id.* at 9-10.)

After full consideration of appellant's claims and a thorough examination of the record below, the Court affirms the July Order of the Bankruptcy Court in its entirety. Specifically, the Court concludes that the Bankruptcy Court's interpretation of its June Order was not an abuse of discretion based on the record where the Bankruptcy Court determined that the extension of time granted to appellees was not contingent upon service of the June Order.[1]

As the Second Circuit has emphasized, "[i]t is peculiarly within the province of the district court . . . to determine the meaning of its own order, and the court's interpretation of its order will not be disturbed absent a clear abuse of discretion." *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (quotation marks and citations omitted) (collecting cases). *Cf. Harvis Tvien & Beck P.C. v. Fed. Home Loan Mortg. Corp. (In re Blackwood Associates, L.P.)*, 153 F.3d 61, 66 (2d Cir. 1998) ("The fundamental principle underlying our holding in *Truskoski* is the truism that the draftsman of a document is uniquely situated to understand the intended meaning of that document. In this case, this principle does not apply. The bankruptcy court did not draft the Stipulation, it merely approved the Stipulation as it was required to do by the Code and the Bankruptcy Rules."). In other words, "[a]bsent a compelling basis to hold otherwise a court's interpretation of its own order in the decision appealed from is entitled to great weight." *Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (D. Del. 1995) (quotation marks omitted) (collecting cases).

The Bankruptcy Court's interpretation of the June Order is consistent with the language of that Order, as well as with what transpired at the March 25, 2010 hearing. First, the Court addresses the language of the June Order separate and apart from the

---

[1] The Court does not reach appellant's argument that service of the June Order was not properly executed (Appellant's Br. at 11) because, for the reasons stated *infra*, the Court concludes that the Bankruptcy Court's interpretation of its June Order was not an abuse of discretion so that service of the June Order was not a contingent requirement for the extension of time to be granted. For the same reasons, the Court finds meritless appellant's argument that his due process rights were violated because he was not served with the June Order (*id.* at 12-14). In short, the Court has reviewed the record *de novo* and concludes that appellant's due process rights were not violated in any way in connection with the June Order or the July Order.

5

hearing. The last two provisions of that Order are critical here and state as follows:

> (c) the Debtor is hereby required to appear at the offices of [appellees' law firm] . . . for an examination **pursuant to the 2004 Order** dated March 9, 2010, and
>
> (d) personal service of **this Order** on the Debtor is to be effectuated on or before June 10, 2010.

(Docket 1-21 ¶¶ c-d (emphasis added).) While the reference to "this Order" in provision (d) requiring personal service is somewhat ambiguous, it is consistent with the Bankruptcy Court's interpretation that "this Order" is referring the 2004 Order mentioned in the preceding sentence, in provision (c). Thus, the language of the June Order is itself consistent with the Bankruptcy Court's interpretation, which is a reasonable one. *See, e.g., Brady v. Mcallister (In re James A. Brady)*, 101 F.3d 1165, 1169 (6th Cir. 1996) ("Although the order and the trustee's motion are somewhat ambiguous, they are able to bear the interpretation of the Bankruptcy Court. . . [and] [w]e therefore decline to contradict the Bankruptcy Court's interpretation of its own order."). Furthermore, as the Bankruptcy Court pointed out in its July Order, the June Order "contained several non-interdependent decretal paragraphs to address the various forms of relief sought in the Motion," so that the extension of time granted to appellees was not contingent on service of the June Order. (Docket 1-3 at 2.)

In addition, the transcript of the March 25, 2010 hearing, which concerned the very motion addressed by the Bankruptcy Court in its June Order, supports the Bankruptcy Court's interpretation. The transcript suggests that the Bankruptcy Court intended the service provision in its June Order to entail the service of the 2004 Order, *not* the June Order. The Bankruptcy Court stated:

> the Court will enter an order directing the debtor to comply **with the 2004 order** . . . **That order is going to need to be personally served on the debtor** because if for any reason he doesn't comply with this order I'm assuming I will see you all back on a contempt motion. So I want to be certain of personal service.

(Docket 1-28 at 2:19-25, 3:1-8 (emphasis added).) This statement is consistent with the Bankruptcy Court's interpretation of the service clause in the June Order as mandating service of the 2004 Order. The Bankruptcy Court never mentioned at the hearing service of its June Order so as to notify appellant of the extension of time granted to appellees, nor was any mention made of making the extension contingent on service of the June Order on appellant.[2]

---

[2] The Court notes that "bankruptcy courts may enlarge the time to file complaints objecting to a debtor's discharge and/or the dischargeability of debts . . . as the time limitations set forth in [the Federal Rules of Bankruptcy Procedure] are not jurisdictional." *Pryer v. Barbara (In re Mario Rodriguez)*, 283 B.R. 112, 119 (Bankr. E.D.N.Y. 2001).

6

In short, the Bankruptcy Court's interpretation of its own order—namely, that the extension of time granted to appellees in the June Order to file their adversary proceeding was not contingent upon the "personal service" provision in that June Order (which, in any event, related to the 2004 order)—is reasonable and is supported by the language of the June Order, as well as the context in which it was issued.

In sum, this Court concludes that the Bankruptcy Court's interpretation of its June 2010 Order was not an abuse of discretion and is consistent with the record. Moreover, as noted *supra*, this Court would reach the same conclusion even under a *de novo* standard of review, rather than the abuse of discretion standard.[3]

IV. CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's July Order denying appellant's motion to dismiss the adversary complaint. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 19, 2011
       Central Islip, New York

\*   \*   \*

The attorney for Appellant is: Fred S. Kantrow, Esq., Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York, 11743. The attorney for Appellees is: Kenneth A. Reynolds, Esq., McBreen & Kopko, 500 North Broadway, Suite 129, Jericho, New York 11783.

---

[3] In the alternative, the Court adopts appellees' argument that appellant has waived and should be equitably estopped from making the argument that the adversary complaint was untimely. This is so because appellant appeared on the date and time designated in the June Order for the 2004 examination and proceeded with that examination without raising as an issue the timeliness of the complaint (nor any deficiencies in service). (Appellees' Br. at 9; Docket 1-18 at 4 (2004 examination of appellant where appellant indicated he was present "pursuant to" the June Order).)

7